**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TTA SERVICES, LLC D/B/A THUNDERBOLT SIGNS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-370-JWD-RLB** |
| **DEEP SOUTH SIGNS, LLC, ET AL.** | |

**ORDER**

Before the Court is Defendants' Motion to Stay and Motion for an Expedited Hearing. (R. Doc. 55). The motion is opposed. (R. Doc. 58). Defendant filed a Reply Memorandum. (R. Doc. 60). Plaintiff filed a Sur-Reply Memorandum. (R. Doc. 64).

Having considered the arguments of the parties, and the procedural posture of this action, the Court will grant Defendants' Motion to Stay as discussed below.

## I. Background

On April 2, 2026, TTA Services, LLC d/b/a Thunderbolt Signs ("TTA" or "Plaintiff"), a Louisiana-based commercial sign installation subcontractor that bids to national sign companies for projects in Louisiana and the Gulf South, brought this action alleging a fraudulent kickback and bid-rigging scheme by Deep South Signs, LLC ("DSS") and Morgan Descant (collectively, "Defendants"). (R. Doc. 1).

Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. (R. Doc. 4). The district judge denied Plaintiff's Motion for Temporary Restraining Order, ultimately setting a potential hearing on the Motion for Preliminary Injunction to begin on August 31, 2026 and allowing the parties to complete certain limited discovery by June 29, 2026. (R. Docs. 11, 22).

On June 1, 2026, Defendants filed separate motions to dismiss. (*See* R. Docs. 24, 25). These motions remain pending before the district judge.

On August 27, 2026, TTA filed an unopposed motion to reopen discovery and set a scheduling conference. (R. Doc. 50). The Court granted the motion, and set a scheduling conference to be held on October 1, 2026. (R. Docs. 51, 52).

On September 23, 2026, Defendants filed the instant Motion to Stay. (R. Doc. 55). Defendants represent that Mr. Descant, the owner of DSS, received documentation from the United States Department of Justice ("DOJ") indicating that he is the target of a federal grand jury investigation. Defendants seek a stay of this action so that Mr. Descant can assert his Fifth Amendment rights with respect to the criminal investigation.

Plaintiff opposes the motion, arguing that there is no per se rule that a civil proceeding must be stayed when there is notice that a parallel criminal proceeding is beginning, and that Defendants have not otherwise met their burden of establishing that a stay is merited at the investigative stage of a criminal proceeding. (R. Doc. 58).

On October 1, 2026, the Court held a status conference (in lieu of the scheduling conference) and stayed discovery pending resolution of the instant Motion to Stay. (R. Doc. 59).[1] The Court also provided the parties an opportunity to submit additional briefing.

In reply, Defendants cite specific authorities in support of a stay, noting that a grand jury has convened and issued subpoenas, that Mr. Descant is the target of the investigation, and the criminal and civil matters will involve the same nucleus of facts. (R. Doc. 60). Defendants submit under seal documentation that corroborates these representations. (*See* R. Docs. 62, 63-1, 63-2) (sealed).

[1] The Court, in effect, granted the request for expedited consideration by holding this status conference.

In sur-reply, Plaintiff argues that the sealed exhibits only confirm a pre-indictment investigation that does not merit a stay, and otherwise addresses the new authorities raised by Defendants. (R. Doc. 64).

## II. Law and Analysis

### A. Legal Standards

"The Court broadly possesses the inherent power to control its own docket, including the authority to stay proceedings." *Brown v. Canterbury House Apartments,* No. 23-01501-BAJ-EWD, 2025 WL 4741771, at *2 (M.D. La. June 11, 2025) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "This power extends to a district court's ability to stay a civil proceeding during the pendency of a parallel criminal proceeding." *Brown*, 2025 WL 4741771, at *2 (*United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)).

"There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions." *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex.*, 659 F.2d 660, 666 (5th Cir. 1981). "In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *See id.* at 668 (citing *United States v. Kordel*, 397 U.S. 1, 11-13 (1970)).

Courts have considered the following factors when considering whether a civil action should be stayed in light of parallel criminal proceedings: "(1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendant; (5) the interest of the court; and (6) the public interest." *Atkins v. Southeast Comm.*

*Hosp. Sys.*, No. 11-47, 2012 WL 370218 (M.D. La. Feb. 3, 2012) (citing *Lodge v. Boyd*, 2011 WL 4727863 (E.D. La. Oct. 6, 2011)).

The burden is on the movant to demonstrate that a stay is warranted. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). The Fifth Circuit has "previously recognized that due to the significant public interest in law enforcement, criminal prosecutions often take priority over civil actions, and the government is permitted to seek stays of civil litigation to protect the integrity of its criminal investigations." *In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017). The district court has discretion in determining whether to stay a civil proceeding in light of a parallel criminal proceeding. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

**B. Analysis**

The Court is aware that (as pointed out by Plaintiff) this is not an action involving the federal government as a party. Nevertheless, the Court finds that a stay of this proceeding is merited in light of the pending criminal investigation.

"[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Dominguez v. Hartford Fin. Serv. Group, Inc.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. Jan. 18, 2008). There is no dispute that the criminal investigation targeting Mr. Descant involves the same nucleus of facts as the instant criminal proceeding. This factor weighs strongly in support of a stay.

"There is a strong argument in favor of deferring civil proceedings . . . where a party under indictment for a serious offense is required to defend a civil action involving the same matter." *Hatten v. Gimelstob*, Nos. 96-2423, 96-2734, 96-2734, 1996 WL 627863, at *1 (E.D. La. Oct. 29, 1996). That said, "[f]ormal criminal proceedings are not a requirement to the proper issuance of a stay." *In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017)

Here, the status of the criminal investigation against Mr. Descant remains preliminary. But this civil action is also in its relevant infancy. The parties have only conducted limited discovery for the purposes of preparing for a preliminary injunction hearing. The parties have not conducted substantial discovery on the merits. The Defendants' motions to dismiss remain pending. Under these circumstances, the Court finds this factor supports a stay of this action until there can be a determination of whether an actual criminal proceeding will proceed.

Plaintiff does not raise any specific argument in support of a finding that it will be prejudiced by a delay in these proceedings. In fact, in denying Plaintiff's Motion for a Temporary Restraining Order, the district judge concluded that Plaintiff's delay in filing this action approximately one year after receiving information regarding the alleged fraudulent scheme was "excessively long and unjustified." (R. Doc. 11 at 14). In short, Plaintiff will not be significantly prejudiced by a temporary additional delay of this civil proceeding prior to the determination of whether an actual criminal proceeding will be initiated.

The party moving for a stay is required to demonstrate "a specific showing of the harm it will suffer without a stay and why other methods of protecting its interests are insufficient." *In re Ramu Corp*., 903 F.2d 312, 320 (5th Cir. 1990). Here, Defendants have raised the point that Mr. Descant will be subject to an adverse inference should he exercise his Fifth Amendment rights in this civil litigation. Plaintiff dismisses this as "an ordinary incident of parallel proceedings" that "does not justify a stay." (*See* R. Doc. 64 at 5). While the substantial risk for self-incrimination will arise where there are parallel proceedings, it nevertheless constitutes a specific showing of potential harm. *See Hatten*, 1996 WL 627863, at *1.

Finally, the Court "has interests in judicial economy and expediency." *See Villani v. Devol*, No. 15-852, 2016 WL 1383498, at *5 (M.D. La. Apr. 7, 2016) (quoting *Doe v. Morris*, No. 11-1532, 2012 WL 359315, at *2 (E.D. La. Feb. 2, 2012)). The "conviction of a civil

defendant . . . can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement not only by that defendant by also by co-defendants who do not face criminal charges." *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 406 (S.D. Tex. 2009) (quoting *In re Worldcom, Inc. Sec. Litig.*, No. 02-3288, 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002)).

While it is unclear at this stage whether a criminal proceeding will be initiated, much less whether a conviction will be secured, it is appropriate to stay this action at this time. This stay is in the interest of the Court given that it may narrow the issues in dispute for future resolution. No particular public interests are implicated by this stay.

The Court stresses that if no actual criminal proceeding is initiated or foreseeably imminent, the Court will reconsider in approximately 90 days whether a continued stay of this action is merited or whether discovery can be tailored to address the concerns of a future indictment.

## III. Conclusion

For the foregoing reason,

**IT IS ORDERED** that Defendants' Motion to Stay (R. Doc. 55) is **GRANTED**. This action is **STAYED** and shall be **ADMINISTRATIVELY CLOSED** until further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report on or before **February 1, 2027** indicating whether any related criminal proceedings have been initiated.

Signed in Baton Rouge, Louisiana, on October 28, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**